## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **YVONNE TORRENCE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 09-443 (RBW) |
| **DISTRICT OF COLUMBIA, et al.,** | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

The District of Columbia, through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves for partial dismissal of the Complaint filed herein March 6, 2009, because (1) the District of Columbia Public Schools is *non sui juris*; and (2) the Complaint fails to include facts to support Plaintiff's claims of violations of Section 504 of the Rehabilitation Act, 29 U.S.C. §794. The grounds for Defendants' motion are set forth in the accompanying Memorandum of Points and Authorities.  An appropriate proposed order is also attached.

                Respectfully submitted,

                PETER J. NICKLES
                Attorney General for the
                District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                */s/ Edward P. Taptich*_____
                EDWARD P. TAPTICH [012914]
                Section Chief
                Equity Section II

                                                                 */s/ Veronica A. Porter*_____  
                                                                 VERONICA A. PORTER [412273]  
                                                                 Assistant Attorney General  
                                                                 Civil Litigation Division  
                                                                 Equity Section II  
                                                                 441 Fourth Street, N.W., Sixth Floor South  
                                                                 Washington, D.C. 20001  
                                                                 (202) 724-6615 (phone)  
                                                                 (202) 727 3625(facsimile)  
                                                                veronica2.porter@dc.gov

**April 2, 2009**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **YVONNE TORRENCE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 09-443 (RBW)** |
| ) | |
| **DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

### INTRODUCTION

Plaintiff filed this action against the District of Columbia Public Schools ("DCPS") and the District of Columbia on March 6, 2009, seeking, *inter alia*, a declaration that DCPS "violated Section 504 [of the Rehabilitation Act, 29 U.S.C. §794] by failing to provide C.H. with FAPE [a Free Appropriate Public Education]." Compl. ¶2.

The Complaint states that Plaintiff requested authorization to obtain independent evaluations for C.H. on October 1, 2008. Id. at ¶12. The Complaint further states that DCPS did not respond to Plaintiff's request before October 10, 2008." Id. at ¶13. As a result, Plaintiff filed a due process complaint, a hearing was held, and the hearing officer dismissed Plaintiff's administrative complaint. Id. at ¶¶ 14-16.

As shown below, however, Plaintiff's Complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

3

**ARGUMENT**

**I. Legal Standard**

When ruling on a motion to dismiss a judge must accept as true all the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

The factual allegations in Plaintiff's Complaint, with respect to Section 504 of the Rehabilitation Act, are deficient and do not raise a right to relief.

**II. Plaintiff's Section 504 claims must be dismissed for failure to state a claim.**

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, **solely by reason of her or his disability**, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. §794(a) (emphasis added).  The statute further defines "program or activity" to include "all the operations of ... a local educational agency."  Id. §794(b)(2)(B).  By its plain language then, Section 504 applies to the provision of educational services.  See, e.g., Savoy-Kelly v. E. High Sch., 2006 WL 1000346, at 4 (D.D.C. April 14, 2006) (holding that a Section 504 claim for denial of educational benefits is cognizable but dismissing the claim because the plaintiff failed to adequately allege causation).

To state a Section 504 claim based on alleged IDEA violations, however, the D.C. Circuit has noted that, "something more than a mere failure to provide [FAPE] must be shown."

4

Lunceford v. District of Columbia Bd. of Educ., 745 F.2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d 1164, 1170 (8th Cir. 1982)); Hinson, 521 F. Supp.2d at 28.

Specifically, to state a claim under Section 504 in the context of disputed special education services under the IDEA, a plaintiff must allege that (1) the disabled student was treated differently - discriminated against - from non-disabled students **solely** because of his or her disabilities, and (2) that the school officials acted in bad faith or demonstrated gross misconduct. Walker v. District of Columbia, 157 F. Supp. 2d 11 (D.D.C. 2001); *see also* R.S., 292 F. Supp.2d at 28. Liability will not be imposed so long as the state officials involved exercised "'professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals.'" Walker, 157 F. Supp.2d at 35-36 (quoting Monahan, 687 F.2d at 1171).

Here, Plaintiff has failed to state a claim under Section 504 of the Rehabilitation Act because she has not alleged that C.H. was treated differently from non-disabled students **solely** because of his disabilities, nor has she alleged anything in her Complaint that demonstrates gross misconduct or bad faith by DCPS.

### A. Plaintiff has not alleged facts supporting claims that Defendants discriminated against C.H. solely on the basis of her disabilities.

To sustain a Section 504 claim, a plaintiff must show that the discrimination or exclusion is caused "solely by reason of" his disability. Lunceford, 745 F.2d at 1580 (denying liability where the hospital school discharged the student at least in part because he no longer needed medical care and in part because other students were waiting for admission). This causation standard is higher than that required by the ADA. *Compare* 42 U.S.C. § 12132 ("by reason of"), *with* 29 U.S.C. § 794(a) ("solely by reason of").

Here, the Complaint asserts that "DCPS did not respond to the Plaintiff's request or conduct any of the requested evaluations before October 10, 2008." Compl. ¶13. Defendants do

5

not dispute that Plaintiff is entitled to a FAPE, as provided for in the IDEA, 20 U.S.C. §1412(a)(1).  Nor do Defendants contest, for purposes of this motion, that C.H. may have disabilities that entitle him to various special education services under the IDEA.  However, Plaintiff has not alleged in her Complaint any facts to support the proposition that C.H. was denied a FAPE or special education services solely *because* of his disabilities, or that he was treated differently than non-disabled children.

Notably, Section 504 is an anti-discrimination statute, which does not impose an affirmative duty to provide special education services.  Southeastern Community College v. Davis, 442 U.S. 397, 410-411 (1979) ("…neither the language, purpose, nor history of §504 reveals an intent to impose an affirmative-action obligation on all recipients of federal funds."); Brantley v. Independent Sch. Dist., 936 F. Supp. 649, 656 (D. Minn. 1996) ("…Section 504 provides relief from discrimination, whereas the IDEA provides relief from inappropriate educational decisions, regardless of discrimination."); Wenger v. Canastota Cent. Sch. Dist., 979 F. Supp. 147 (N.D.N.Y. 1997).  Accordingly, even assuming that the Complaint's assertions are true, because non-disabled students with no signs of disability are not entitled to the benefits given under the IDEA, Defendants clearly did not treat C.H. differently from non-disabled students merely by denying him the requested IDEA services.  Therefore, Plaintiff's Section 504 claims must be dismissed.

      **B.**     **Even if Plaintiff was able to show discrimination on the sole basis of C.H.'s disabilities, she fails to demonstrate the additional requirement of bad faith or gross misjudgment.**

Plaintiff has also failed to adequately allege the bad faith or gross misjudgment necessary to sustain a Section 504 claim.  Compl. ¶¶23-29.  Plaintiff does not deny that DCPS has provided some IDEA services to C.H.  Compl. ¶¶8-10.  Rather, Plaintiff has alleged only that DCPS failed to provide Plaintiff with a complete FAPE, because DCPS did not respond to Plaintiff's request to obtain independent psychological and psychiatric evaluations.  Compl. ¶13.

In support of a Section 504 claim, the Complaint asserts that "DCPS acted with bad faith and gross misjudgment in refusing to timely conduct, review, or authorize funding of independent evaluations of special education students." Compl. ¶27.  However, this conduct, as alleged by Plaintiff in her Complaint, does not constitute bad faith or gross misjudgment because the Complaint does not assert any factual support for the allegation that DCPS acted in bad faith with regard to funding independent evaluations of other students.  <u>Walker</u>, 157 F. Supp.2d at 35-36; <u>R.S.</u>, 292 F.Supp.2d (dismissing the complaint where the plaintiffs' only allegation was the failure to provide a FAPE and there were no insinuations of misconduct); <u>Monahan v. State of Neb.</u>, 687 F.2d 1164, 1171 (8th Cir. 1982) ("So long as the state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals, we cannot believe that Congress intended to create liability under §504."); <u>Delores Robinson for D.R. v. District of Columbia</u>, 535 F. Supp. 38 (D.D.C. 2008) (allegations in complaint that defendants failed to provide student with a FAPE, that defendants failed to provide appropriate special education services and evaluations, and that hearing officer erred in dismissing plaintiff's case in its entirety completely fails to suggest allegations of bad faith or gross misjudgment sufficient to support a Section 504 claim).

In sum, Plaintiff has not stated a claim upon which relief may be granted because she has not pled sufficient facts to show that (1) C.H. was denied benefits solely because of his disability, or (2) that Defendants acted in bad faith or gross misjudgment with regard to any student.  Therefore, this Court must dismiss Plaintiff's Section 504 claims.

**III.     Defendant District of Columbia Public Schools is *non sui juris*.**

To the extent Plaintiff has stated a claim against DCPS, it must be dismissed.  It is a well-settled principle that a non-corporate department or other body within a municipal corporation is *non sui juris*.  <u>Hinton v. Metropolitan Police Department</u>, 726 F. Supp. 875, 875 (D.D.C. 1989); <u>Braxton v. National Capital Housing Authority</u>, 396 A.2d 215, 215-217 (D.C. 1978).

Here, DCPS is a separate cabinet level agency subordinate to the Mayor, as established by D.C. Code §38-171. Compl. ¶7. Cummings, J.C. v. Woodson Senior High School, 563 F.Supp.2d 256 (D.D.C. 2008) (individually named school dismissed as a defendant as *non sui juris*). *See also*, Hamlet v. MM Washington School, Civil Action No. 04-1746, 2006 WL 1933833, at * 1 n. 1 (D.D.C. July 11, 2006); Hinson v. Merritt Educational Center, 521 F.Supp.2d 22, 34 (D.D.C. 2007).

Since Plaintiff has failed to provide any statutory authority to show that DCPS can sue or be sued, it must be deemed that DCPS is a non-suable agency. Accordingly, as a non-suable agency, DCPS is *non sui juris,* not a proper party in this lawsuit, and claims against that named defendant must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that this Court dismiss Defendant District of Columbia Pubic Schools from this action, leaving only the District of Columbia as a named defendant. The Defendants further request that this Court dismiss all claims against the District brought under 29 U.S.C. §794.

    Respectfully submitted,

    PETER J. NICKLES
    Attorney General for the
    District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    */s/ Edward P. Taptich*_____
    EDWARD P. TAPTICH [012914]
    Section Chief
    Equity Section II

                                              */s/ Veronica A. Porter*_____
VERONICA A. PORTER [412273]
Assistant Attorney General
Civil Litigation Division
Equity Section II
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6615 (phone)
(202) 727 3625(facsimile)
veronica2.porter@dc.gov

**April 2, 2009**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YVONNE TORRENCE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 09-443 (RBW) |
| **DISTRICT OF COLUMBIA, et al.,** | ) |
| **Defendants.** | ) |

## ORDER

On consideration of Defendants' Motion for Partial Dismissal of Complaint, filed March 6, 2009, any opposition thereto, and the record herein, it is this _____ day of _____, 2009,

**ORDERED**, that Defendants' motion is GRANTED; it is

**FURTHER ORDERED**, that Defendant District of Columbia Public Schools is dismissed from this action, it is

**FURTHER ORDERED**, that any claims pursuant to 29 U.S.C. §794 are hereby dismissed with prejudice.

_____
U.S. DISTRICT COURT JUDGE

10